[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THE DEFENDANT'S "MOTION FOR MODIFICATIONOF FATHER'S VISITATION WITH MINOR CHILDREN" (167)
The parties' marriage was dissolved after an uncontested hearing held on March 7, 1989. There are four minor children of the marriage. The parties agreed on "joint custody" with the children residing with the mother. She had moved to New Jersey prior to entry of judgment and has continued to live in New Jersey with the children residing with her to the present time.
On January 3, 1995, the defendant obtained an order for hearing and notice to respondent on a motion for modification of Visitation Order for hearing to be held on January 30, 1995 at the Stamford Courthouse. The original of this order and summons was not returned to the file, and the court concludes that service of this order was never made by any proper officer.
The defendant then filed the present motion, and he mailed a CT Page 8501 copy to "all counsel of record". There is no current counsel of record for the plaintiff.
The plaintiff applied for a contempt order and/or wage withholding through the Uniform Reciprocal Enforcement of Support statute, Sec 46b-180 et seq by initiating the proceeding in New Jersey. Connecticut is the "Responding State". Section 46b-211
provides
 "Participation in any proceedings under this part shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding."
Therefore, the plaintiff is not now subject to the jurisdiction of this court for visitation modification. The sole purpose of URESA is to provide for and collect child support.Fischer v. Goldstein, 14 Conn. App. 487 (1988).
The defendant's motion is not properly before this court, and it is denied.
HARRIGAN, J.